NATHANIEL LEWIN & others *vs.* WHITTENTON MILLS.

A certificate filed in the town clerk's office, under *St.* 1855, c. 431, §§ 2, 3, claiming a lien for the entire amount agreed to be paid for the performance of a contract to do certain labor and furnish certain materials in the erection of a building, and stating that the mechanic has not completed the work, by reason of proceedings in insolvency against the owner of the land, and not stating the proportion due for the labor actually performed and materials actually used, is insufficient to support a lien on the building and land under that statute.

PETITION to the court of common pleas in Bristol to enforce a mechanics' lien under *St.* 1855, *c.* 431, on the respondents' factory in Taunton, under a contract set out in the statement under

oath, filed by the petitioners in the town clerk's office on the 15th of December 1857, a copy of which was annexed to the petition. The petition alleged that since said statement was recorded the petitioners had done no work on said contract; that they had always been ready to complete it according to its terms, and had not completed it solely because they had not been informed that the owners of the property were ready to have it completed ; and that they had never been informed that said owners wished it to be no further completed.

The statement averred that on the 15th of March 1857 the petitioners made a contract with the respondents, by which they " undertook to do certain millwright and carpenter work, and to furnish certain materials therefor, including therein the iron work necessary thereto in erecting, altering and repairing the factory buildings of said company ; " and by which they " agreed to do the work and furnish the materials stipulated in said contract for the sum of thirty eight hundred dollars." The material part of the residue of said statement was as follows :

" And we further say that we proceeded to perform said contract, and had nearly completed the same on the seventeenth day of November A. D. 1857, when said company was by the judge of insolvency for said county adjudged to be insolvent, and a warrant was issued to the sheriff of said county by said judge, commanding him to take possession of the property of said company, and we have been since said time unable to complete said contract by reason of the proceedings aforesaid, and have ceased labor thereon from that time ; and we hereby declare our readiness and desire to finish and perform said contract according to its terms, whenever we may be permitted so to do.

" And we claim a lien on the said Whittenton Mills and the land under and connected therewith, with the appurtenances of said mills and land, for the sum due us on said contract and for the completion thereof. And we state a true account of the amount due us therefor, upon which no payment has been made.

" Whittenton Mills to Lewin, Fisk & Kenyon Dr.
" Nov. 17, 1857. To amount of contract, on which
    the entire sum ought to be paid .   .  .  $3,800.00."

9 *

The respondents demurred, among other reasons, " because the certificate which is annexed to and referred to in said petition is wholly insufficient, and does not comply with the requirements of chapter 431, section 2, of the statutes of 1855; because the claim of the petitioners for the whole amount of the price stipulated in the contract referred to in said certificate annexed is wholly unauthorized in the law; and because the said certificate does not contain any account of the sum due them for labor and materials furnished by them as alleged."

The court of common pleas sustained the demurrer, and the petitioners appealed to this court, before whom the case was argued at Boston in January 1859.

*B. Sanford*, for the respondents.

*C. W. Thrasher*, for the petitioners.

METCALF, J. To entitle a person to a lien upon buildings and land under *St.* 1855, *c.* 431, he must " actually perform labor in erecting, altering or repairing" the buildings, or "furnish materials actually used for the same;" and must file in the office of the town clerk " a statement of a just and true account of the amount due him, with all just credits given;" but " no inaccuracy in the statement, in stating the amount due for labor, shall invalidate the proceedings, unless it shall appear that the person filing the certificate has wilfully and knowingly claimed more than is his due." *St.* 1855, *c.* 431, §§ 1, 2, 3.

Tried by these tests, the statement filed by these petitioners, a copy of which is annexed to their petition, is clearly insufficient. In it they claim a lien for the whole amount of the contract, while they distinctly allege that the contract has not been fully performed; and they afford no means of estimating the proportion or the value of the labor which has been " actually performed," and the materials which have been " actually used," for which alone the statute gives a lien. The excuse for non-performance, alleged in the petition and certificate, might be sufficient to entitle the petitioners to maintain an action at law or prove a claim in insolvency against the owner of the buildings for the value of such labor and materials; but it cannot justify them in claiming a lien for an entire sum, part of which

they clearly show that they know to be not yet due.    See *Mc Clallan* v. *Smith,* 11 Cush. 240.

The case of *Parker* v. *Bell,* 7 Gray, 429, is clearly distinguishable from this case.    It was there held, that including in the statement a claim for materials, which it was admitted could not be supported, and a claim for the labor of the petitioners' journeymen, which had not then been adjudged to be untenable, did not show such a wilful overstatement as would defeat the petitioners' lien for their personal labor; no suggestion being made " that any of the items in the account contained in the statement filed were in any respect false, or unjustly exaggerated," and it being " conceded that the amount in the account was justly due to the petitioners."    See 7 Gray, 433.

*Demurrer sustained.*